**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| Zaquann Ernest Hampton, | ) | Case No. 2:26-cv-00158-RMG-MGB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| United States of America, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Zaquann Ernest Hampton ("Plaintiff"), a pretrial detainee proceeding *pro se* and *in forma pauperis*, brings this civil action pursuant to 42 U.S.C. § 1983. (Dkt. No. 1.) Under 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) (D.S.C.), the undersigned is authorized to review all pretrial matters in this case and submit findings and recommendations to the assigned United States District Judge. For the reasons discussed below, the undersigned recommends that this action be summarily dismissed without further leave to amend.

## BACKGROUND

By way of background, Plaintiff was arrested on January 4, 2024, in Colleton County, South Carolina on a series of drug and weapons charges. A Colleton County Grand Jury returned a true bill of indictment with respect to each of Plaintiff's charges on March 7, 2024 (*see* Indictment Nos. 2024-GS-15-00026 through -00031).[1] Shortly thereafter, Plaintiff was also arrested on similar federal charges. *See United States v. Hampton*, Case No. 2:24-cr-00196-DCN-2 (D.S.C.). While the state

---

[1] The undersigned takes judicial notice of the records filed in Plaintiff's underlying criminal proceedings before the Colleton County Court of General Sessions. *See* Public Index, https://www.sccourts.org/casesearch/ (limiting search to Colleton County, Zaquann Ernest Hampton) (last visited Apr. 20, 2026); *see also Aloe Creme Labs., Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) (explaining that a federal court may take judicial notice of the contents of its own records, as well as those records of other courts); *Tisdale v. South Carolina Highway Patrol*, No. 0:09-cv-1009-HFF-PJG, 2009 WL 1491409, at *1 n.1 (D.S.C. May 27, 2009), *aff'd*, 347 F. App'x 965 (4th Cir. Aug. 27, 2009) (noting that the court may take judicial notice of factual information located in postings on government web sites).

1

charges were dropped (*nolle prosequi*) on August 20, 2024, Plaintiff remains under federal indictment.

On January 8, 2025, Plaintiff filed a federal civil action against two officers with the Colleton County Sheriff's Department alleging malicious prosecution in violation of the Fourth Amendment with respect to his dismissed state charges. *See Hampton v. McDowell*, Case No. 2:25-cv-00165-RMG-MGB (D.S.C.). More specifically, Plaintiff alleged that the officers obtained and executed search warrants for his residence under "false pretenses" by claiming to seek a stolen handgun that had already been located by law enforcement in New Jersey. *See* Case No. -165, Dkt. No. 1 at 7–9. Because the searches produced evidence of various drugs and firearms—which, in turn, led to Plaintiff's arrest on January 4, 2024—Plaintiff argued that the officers acted without probable cause and violated his Fourth Amendment rights. The officers have since filed a motion for summary judgment, which is now pending before the Court. *See* Case No. -165, Dkt. No. 86.

On October 29, 2025, the Government moved to voluntarily dismiss several of the federal charges against Plaintiff by way of a second superseding indictment. *See* Crim. Case No. -196, Dkt. No. 739. Plaintiff now brings this second civil action alleging malicious prosecution in violation of the Fourth Amendment with respect to the dismissed federal charges, once again reiterating that law enforcement based his arrest and criminal prosecution on the improper search of his residence.[2] *See Hampton v. United States*, Case No. 2:26-cv-00158-RMG-MGB (D.S.C.). Plaintiff alleges that

---

[2]     Plaintiff is presumably challenging only those dismissed federal charges because malicious prosecution requires a showing that the criminal proceedings terminated in the plaintiff's favor, *Evans v. Chalmers*, 703 F.3d 636, 647 (4th Cir. 2012), meaning "the criminal prosecution ended without a conviction." *Thompson v. Clark*, 596 U.S. 36, 49 (2022); *see also Chiaverini v. City of Napoleon, Ohio*, 602 U.S. 556, 562–64 (2024) (holding that "the bringing of one valid charge in a criminal proceeding" does not necessarily preclude a malicious prosecution claim if accompanied by charges not supported by probable cause). Because Plaintiff's other federal charges remain pending, they are not ripe for a malicious prosecution claim. *See Tucker v. Price*, No. 4:22-cv-1861-MGL-MHC, 2023 WL 7168684, at *6 (D.S.C. Sept. 21, 2023), *adopted*, 2023 WL 7166244 (D.S.C. Oct. 27, 2023) (noting that although the injury caused by a malicious prosecution claim occurs as soon as legal process is brought against a defendant, favorable termination remains the accrual date).

United States Special Agent Blake "conspired" with the Colleton County Sheriff's Department to violate his constitutional rights "in forming a joint task force that would ultimately invade and raid [Plaintiff's] dwelling" without probable cause. *See* Case No. -158, Dkt. No. 1 at 6. Plaintiff claims that the "falsified" warrant used to search his residence was obtained "with the support and backing of the United States Special Agent Blake." *Id.* Assistant United State Attorney Janet Carra Henderson then "continued to prosecute" Plaintiff despite "the indictment rest[ing] entirely upon unconstitutional searches." *Id.* at 7.

Upon reviewing these initial allegations, the undersigned issued an order notifying Plaintiff that his Complaint was subject to summary dismissal for failure to state a claim upon which relief may be granted. *See* Case No. -158, Dkt. No. 5 at 3–4. In light of Plaintiff's *pro se* status, however, the undersigned afforded him twenty-one days, plus three days for mailing time, to file an amended complaint that cured the identified pleading deficiencies. The order warned Plaintiff that if he did not comply with the Court's instructions within the time permitted, his case may be dismissed. *Id.* at 6. Despite this warning, Plaintiff did not file an amended complaint or otherwise respond to the Court's order, and the time to do so has long since expired.

## STANDARD OF REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This action has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit, and is also governed by 28 U.S.C. § 1915A, which requires the court to review a complaint filed by a prisoner that seeks redress from a governmental entity or officer or employee of a governmental entity.

3

To protect against possible abuses, the court must dismiss any prisoner complaints, or portions of complaints, that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also* 28 U.S.C. § 1915A(b). A complaint is frivolous if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Indeed, a claim based on a meritless legal theory may be dismissed *sua sponte* "at any time" under 28 U.S.C. § 1915(e)(2)(B). *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989). The United States Supreme Court has explained that the statute "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits." *Id.* at 326.

As to failure to state a claim, a complaint filed in federal court must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order to satisfy this standard, a plaintiff must do more than make conclusory statements. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that the court need not accept as true a complaint's legal conclusions). Rather, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *See id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), the complaint fails to state a claim.

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is therefore charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson*, 551 U.S. at 94. Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure to allege facts that set forth a cognizable claim under Rule

4

8(a)(2) of the Federal Rules of Civil Procedure. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990); *see also Iqbal*, 556 U.S. at 684 (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The Fourth Circuit has explained that "though *pro se* litigants cannot, of course, be expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in law, neither can district courts be required to conjure up and decide issues never fairly presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1276 (4th Cir. 1985).

**<u>DISCUSSION</u>**

A civil action under 42 U.S.C. § 1983 "creates a private right of action to vindicate violations of rights, privileges, or immunities secured by the Constitution and laws of the United States." *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012). To state a claim to relief under § 1983, the plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). The undersigned finds that Plaintiff's Complaint fails to state an actionable constitutional violation under § 1983 for several reasons.

As a threshold matter, the United States of America—the only defendant named in this Complaint—is not a "person" for purposes of § 1983. *See Tinch v. United States*, 189 F. Supp. 2d 313, 318 (D. Md. 2002). Moreover, as the undersigned previously explained, *see* Case No. -158, Dkt. No. 5 at 3, because § 1983 "applies only to persons acting under color of state law, it is inapplicable to federal agencies [and officials]." *Mills v. U.S. Dep't of Just.*, No. 1:24-cv-988-RDA-WEF, 2025 WL 1210544, at *3 (E.D. Va. Apr. 25, 2025), *appeal dismissed*, No. 25-6462, 2025 WL 3512392 (4th Cir. June 20, 2025); *see also D.C. v. Carter*, 409 U.S. 418, 424 (1973) (explaining that "actions

of the Federal Government and its officers are at least facially exempt from [§ 1983's] proscriptions").

Notwithstanding the above, "[a]lthough federal officials acting under federal authority are generally not considered to be state actors, they may be liable under § 1983 if they are found to have conspired with or acted in concert with state officials to some substantial degree." *Cabrera v. Martin*, 973 F.2d 735, 742 (9th Cir. 1992); *see also Durham v. Rapp*, 64 F. Supp. 3d 740, 746 (D. Md. 2014) (noting that it is assumed a § 1983 action can lie against federal employees if they act in concert with state officials to deprive a person of his or her civil rights under color of state law). Construing Plaintiff's allegations liberally, it seems he may be attempting to assert such a conspiracy between the Colleton County Sheriff's Department, Special Agent Blake, and Assistant United States Attorney Henderson. *See* Case No. -158, Dkt. No. 1 at 6–7. Nevertheless, even if Plaintiff had named these individuals as defendants for purposes of § 1983, his allegations would still fall short of an actionable constitutional violation.

With respect to Assistant United States Attorney Henderson, it is well-established that prosecutors are entitled to immunity from personal liability under § 1983 for alleged civil rights violations committed in the course of "activities intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *Dababnah v. Keller-Burnside*, 208 F.3d 467, 468 (4th Cir. 2000). "When a prosecutor is functioning as an advocate for the State, it is clear that his or her actions are 'intimately associated with the judicial phase of the criminal process' and thus protected by absolute immunity." *Savage v. Maryland*, 896 F.3d 260, 268 (4th Cir. 2018) (citing *Imbler*, 424 U.S. at 430–31). While there are no facts that rise to the level of malicious behavior here, the undersigned also notes that prosecutorial immunity applies even if it leaves "the

genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty." *Imbler*, 424 U.S. at 427.

The questions of "whether to present a case to a grand jury," "whether and when to prosecute," and "whether to dismiss an indictment against particular defendants" all fall under the protection of prosecutorial immunity. *See Imbler*, 424 U.S. at 431 n.33. To that end, any claims against Assistant United States Attorney Henderson are barred by the doctrine of prosecutorial immunity and subject to summary dismissal. *See, e.g.*, *Nero v. Mosby*, 890 F.3d 106, 119 (4th Cir. 2018) (finding defendant's decision "to prosecute" and "her role in preparing the charging documents" protected under the doctrine of prosecutorial immunity); *Smith v. Woods*, No. 0:22-cv-1618-HMH-PJG, 2022 WL 3328532, at *2 (D.S.C. July 20, 2022), *adopted*, 2022 WL 3328404 (D.S.C. Aug. 11, 2022) (explaining that defendant's "decision  whether to prosecute" was "an advocative function for which he [was] entitled to prosecutorial immunity").

With respect to Special Agent Blake, federal agents act under color of state law if a "symbiotic relationship" exists between the federal agents and state actors and the conduct at issue "can be fairly attributed to the state." *Cabrera v. Martin*, 973 F.2d 735, 742–43 (9th Cir. 1992) (citing *Johnson v. Orr*, 780 F.2d 386, 390 (3rd Cir. 1986)). In other words,

> the state officials must exert some level of control or influence over the federal officials, or the federal and state entities must act as one, in order for federal officials to be liable under § 1983. *See Kletschka* [*v. Driver*]*,* 411 F.2d [436,] 449 [(2nd Cir. 1969)] (finding that federal officials were not subject to § 1983 liability because there was no indication that they acted under the control or influence of the state defendants). The test "is whether the state or its officials played a significant role in the result." *Id.*

*Tobey v. Napolitano*, 808 F. Supp. 2d 830, 846 (E.D. Va. 2011), *aff'd but criticized sub nom. Tobey v. Jones*, 706 F.3d 379 (4th Cir. 2013). As the undersigned previously warned, *see* Case No. -158, Dkt. No. 5 at 4, Plaintiff's sparse Complaint does not adequately demonstrate that state and federal

authorities acted in concert for purposes of § 1983 when the Colleton County officers obtained and executed the alleged fraudulent search warrants for Plaintiff's residence.[3] For these reasons, Plaintiff has failed to state an actionable constitutional violation.

## CONCLUSION

Based on the above, the undersigned **RECOMMENDS** that this action be **DISMISSED** without prejudice and without further leave to amend, as Plaintiff has already had an opportunity to do so. *See Britt v. DeJoy*, 45 F.4th 790, 798 (4th Cir. 2022).  The Clerk of Court shall not forward this matter to the United States Marshals Service for service of process at this time.

**IT IS SO RECOMMENDED.**

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

April 22, 2026 Charleston,
South Carolina

**The parties' attention is directed to an important notice on the following page.**

---

[3]    Even if Plaintiff had demonstrated such joint action, his claim would still be subject to a stay pending the resolution of Case No. -165 and Crim. Case No. -196—both of which will address, in some capacity, whether the same search warrants were issued without probable cause and, consequently, violated Plaintiff's Fourth Amendment rights. *See Thomas v. Andino*, No. 3:20-cv-1552-JMC, 2020 WL 5593847, at *2 (D.S.C. Sept. 18, 2020) ("The court may raise the issue of a stay *sua sponte*."); *Sentry Select Ins. Co. v. Guess Farm Equip., Inc.*, No. 5:12-cv-3504-JM, 2013 WL 5797742, at *5 (D.S.C. Oct. 25, 2013) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.") (internal citations omitted). A stay would "reduce the burden of duplicative litigation and eliminate the risk of inconsistent rulings and conflicting decisions." *Xodus Med. Inc. v. Mullen*, No. 7:21-cv-727-DCC, 2022 WL 593955, at *3 (D.S.C. Feb. 28, 2022).

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).