## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA

Zaquann Ernest Hampton,

        Plaintiffs,

   v.

United States of America,

        Defendant.

Case No. 2:26-158-RMG

**ORDER**

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge (Dkt. No.9) recommending that the Court dismiss this action without prejudice, without issuance and service of process, and without leave to amend based a failure to state a claim upon which relief could be granted. Plaintiff was advised that he had fourteen days to file written objections to the R & R and the failure to file timely objections would result in limited, clear error review and waiver of the right to appeal the district court's order to the court of appeals. (*Id.* at 19). Plaintiffs filed no timely objections to the R & R.

### I.    Background

Plaintiff, acting pro se, brought this action under 42 U.S.C. § 1983 against the United States for alleged violations of his constitutional rights by relying on the results of an unlawfully issued search warrant to prosecute him for various federal drug related offenses. The federal criminal proceeding is ongoing. *United States v. Hampton*, Cr. No. 2:24-196-2-DCN.

After reviewing the allegations, the Magistrate Judge advised Plaintiff that his suit was subject to summary dismissal for failure to state a claim upon which relief could be granted. The Magistrate Judge issued an order providing Plaintiff twenty one days to cure the identified deficiencies. Plaintiff was warned that a failure to comply with the Court's instructions could

result in the summary dismissal of his case. (Dkt. No. 5 at 3-4).  Plaintiff did not amend his complaint or otherwise respond to the Court's order. (Dkt. No. 9 at 3).

The Magistrate Judge recommended in the R & R the summary dismissal of the suit on the basis that as a "threshold matter" the United States is not subject to suit under § 1983. (*Id*. at 5). The Magistrate Judge further concluded that even if the Plaintiff had named individually the two federal officials referenced in the complaint. Assistant United States Attorney Carra Henderson and Special Agent Blake, the allegations against them failed to state a claim upon which relief could be granted. (*Id*. at 6-8).

## II.    Legal Standards

### A.  Magistrate's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court.  *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

## III.    Discussion

The Magistrate Judge ably summarized the factual and legal issues in this action and correctly concluded that the United States is not a proper party in a § 1983 action and that the allegations asserted against Assistant United States Attorney Henderson and Special Agent Blake would not constitute a viable cause of action even if they were individually named.  On this basis, the Magistrate Judge was correct in concluding that this action was subject to summary dismissal.

**Conclusion**

For the reasons set forth above, the Court **ADOPTS** the R&R (Dkt. No. 9) as the Order of the Court and **DISMISSES** this action without prejudice, without issuance of and service of process, and without leave to amend.

**AND IT IS SO ORDERED.**

_s/ Richard Mark Gergel_
Richard Mark Gergel
United States District Judge

May 13, 2026
Charleston, South Carolina